**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-6946**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE CHAMBERS, a/k/a Dave,

Defendant - Appellant.

---

**No. 04-7486**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE CHAMBERS,

Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CR-94-89; CA-03-303-3)

---

Submitted: February 18, 2005          Decided: March 8, 2005

---

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

George Chambers, Appellant Pro Se. Elizabeth Catherine Wu, Joan Elizabeth Evans, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, George Chambers seeks to appeal the district court's orders denying relief on his motion filed under the All Writs Act, 28 U.S.C. § 1651 (2000), construed as a successive motion under 28 U.S.C. § 2255 (2000), and his motion for relief from judgment filed under Fed. R. Civ. P. 60(b).

A certificate of appealability is required in order to appeal these orders. See Jones v. Braxton, 392 F.3d 683, 688 (4th Cir. 2004); Reid v. Angelone, 369 F.3d 363, 367-70 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Chambers has not made the requisite showing. Accordingly, we deny a certificate of appealability.

Because Chambers's motion under Rule 60(b) asserted a new claim and did not merely allege a defect in the collateral process, it constituted a successive § 2255 motion rather than a true Rule 60(b) motion. See United States v. Winestock, 340 F.3d 200, 205

- 3 -

(4th Cir.), cert. denied, 124 S. Ct. 496 (2003). In accordance with Winestock, we construe Chambers's notice of appeal and informal brief as an application for authorization to file a successive § 2255 motion. Id. at 208.

A movant seeking authorization to file a second or successive § 2255 motion must show either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(3)(C), 2255 ¶ 8 (2000). Chambers's claims do not satisfy either of these conditions. We therefore deny Chambers authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED